UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| CHARLES J. SCHULZ,<br><br>               Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,<br><br>               Defendant. | CIV. 13-5011-JLV<br><br>ORDER GRANTING MOTION FOR EAJA FEES |

On November 13, 2014, the court entered an order (1) reversing the decision of the Acting Commissioner of the Social Security Administration ("Commissioner") denying plaintiff Charles Schulz's application for benefits and (2) remanding the case for further administrative proceedings. (Docket 21). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Catherine Ratliff, counsel for Mr. Schulz, timely moved for an award of attorney's fees and expenses. (Docket 23). Mr. Schulz seeks an award of $6,629.84 in attorney's fees and $397.79 in state and local sales tax. (Docket 23 at p. 1). The Commissioner opposes Mr. Schulz's motion. (Docket 25). For the reasons stated below, the court grants Mr. Schulz's motion.

## DISCUSSION

Under the EAJA, a court shall award to a prevailing party, other than the United States, fees and expenses[1] incurred in any civil action brought by or

---

[1] Fees and expenses include "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees . . . ." 28 U.S.C. § 2412(d)(2)(A).

against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party seeking such an award must comply with the following requirements: (1) the party must file an application for fees and expenses demonstrating the party is the prevailing party and is eligible to receive an award; (2) the party must submit the application within 30 days of final judgment in the case;[2] (3) the party must indicate the amount sought and provide an itemized statement in support; and (4) the party must allege the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." Id.

The court finds Mr. Schulz complied with the requirements of the EAJA. Mr. Schulz is the prevailing party under the court's reversal and remand order and subsequent judgment. (Dockets 21 & 22); see Larson v. Astrue, Civil No. 06-1734 PJS/FLN, 2008 WL 2705494, at *2 (D. Minn. July 9, 2008) (citing Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993)) ("The Supreme Court has held

---

[2]"The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." U.S. E.E.O.C. v. Mid-Minnesota Fed. Credit Union, 820 F. Supp. 432, 434 (D. Minn. 1993) (quoting Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991)). Under the Federal Rules of Appellate Procedure, a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is . . . a United States officer or employee sued in an official capacity." Fed. R. App. P. 4(a)(1)(B).

that a judgment granting remand is a final judgment for which fees may be granted."). Mr. Schulz filed his motion for fees and expenses well within the EAJA's 30-day window following the close of the appeal period. (Docket 23). His attorney, Ms. Ratliff, set forth the amount requested and properly provided an itemized log detailing the actual time expended in this case. (Dockets 23 and 24-2).

The Commissioner opposes Mr. Schulz's motion, arguing the position maintained by the Commissioner throughout the appeal to the district court, although ultimately unsuccessful, was substantially justified. (Docket 25). The government bears the burden of proving its position was substantially justified. Goad v. Barnhart, 398 F.3d 1021, 1025 (8th Cir. 2005). A social security claimant may be the prevailing party for purposes of the EAJA, yet still not be entitled to an award of fees if the government's position was substantially justified. "A position enjoys substantial justification if it has a clearly reasonable basis in law and fact." Id. A loss on the merits by the government does not create a presumption that it lacked substantial justification for its position. Id. This distinction is explained as follows:

> The district court correctly recognized that "fees are not . . . awarded just because the Secretary [loses a] case." The Secretary's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole. This is so because the substantial evidence and substantial justification standards are different. Under the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position. In contrast, under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position taken by the Secretary. Because the standards are "neither semantic nor legal equivalents," the Secretary can lose

3

> on the merits of the disability question and win on the application for attorney's fees.

Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991) (internal citations omitted).

The court finds the government cannot meet its burden of showing substantial justification for the position it maintained in this case. The government's position was not well founded in fact or law, as explained in the court's reversal and remand order. Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003) ("The standard is whether the Secretary's position is 'clearly reasonable, well founded in law *and fact,* solid though not necessarily correct.' ") (citation omitted).

The administrative law judge ("ALJ") erred not just once, but five times in critical areas during the administrative process of considering Mr. Schulz's application. Those were errors as follow:

1. After discovering that a vocational disability expert's report was not in the record, the ALJ placed the burden on Mr. Schulz to get the report into the record. (Docket 21 at pp. 6-7). When the expert's report became part of the administrative record, the ALJ did not require the supporting medical records of Dr. Wayne Anderson to be added to the administrative record. Id. at p. 7. When the absence of this medical record was pointed out, the Commissioner took the position those records were merely repetitive of other records. (Docket 17 at p. 6). The court found Dr. Anderson's diagnostic observations focused on an additional area of pain not referenced in other medical records. (Docket 21 at p. 8). Based on this finding the court concluded, "The absence of Dr.

4

Anderson's medical records and report from the administrative record is not harmless." Id. at p. 9.  "[T]he ALJ's failure to elicit [these materials] prejudiced [Mr. Schulz] in his pursuit of benefits." Id. (citation omitted).

    2.    The ALJ failed to request the documentation supporting Mr. Schulz's South Dakota Retirement System ("SDRS") disability benefits records. Id. "The ALJ is bound to consider the disability determination made by the SDRS." Id. at p. 10 (referencing 20 CFR § 404.1512(5)) (" 'evidence' includes the '[d]ecisions by any governmental . . . agency about whether [the claimant is] disabled . . . ."). Id. The ALJ "was obligated to obtain those records. . . . The ALJ's failure to develop the record is both unfair and prejudicial." Id. at p. 11.

    3.    The ALJ relied on the opinions of a non-examining physician whose opinion was premised on yet another non-examining physician's opinion which was expressed before a treating, board-certified physician's final opinions. Id. at pp. 14-15. "Dr. Whittle's record review was conducted before Dr. Lawlor's modified and more restrictive directive of April 2011." Id. at p. 15. Neither non-examining consulting physician "had access to the complete record." Id.

    4.    The ALJ also gave Dr. Lawlor's opinions concerning Mr. Schulz's physical limitations less weight by relying on a Ph.D. psychologist whose opinions were limited only to Mr. Schulz's mental status. Id. at p. 15 n.4. "Contrary to the ALJ's decision, there is substantial medical evidence to support Dr. Lawlor's opinion. Dr. Lawlor's opinions are entitled to controlling weight." Id. at p. 19.

     5.  The ALJ rejected the third-party functional report submitted by Lynnette Schulz, claimant's wife.  Id.  The ALJ's premise for rejecting her observations and opinions is best expressed by the ALJ's declaration: "[B]y virtue of her relationship as the claimant's wife, Ms. Schulz cannot be considered a disinterested third party witness whose testimony would not tend to be colored by affection for the claimant and a natural tendency to agree with the symptoms and limitations the claimant alleges."  Id.  The Social Security regulations mandate an ALJ consider the lay witness testimony of Mr. Schulz's wife.  See 20 CFR §404.1513(d)(4).  "The United States Court of Appeals for the Eighth Circuit made it clear lay person statements must be considered by an ALJ when evaluating a claimant's subjective pain."  (Docket 21 at p. 20) (references omitted).  It was reversible "error for the ALJ simply to dismiss Mrs. Schulz's report as the product of a sympathetic wife and then summarily reject her testimony as inconsistent with the remainder of the record."  Id. at p. 22.

    The government's position on each of these five errors by the ALJ was not substantially justified.  An award of fees under the EAJA is proper.

    Mr. Schulz requests an award of attorney's fees at the rate of $178.75 per hour.  (Docket 24-1 at pp. 1-2).  The EAJA sets a limit of $125 per hour for attorney's fees.  28 U.S.C. § 2412(d)(2)(A).  However, a court may award a higher hourly fee if "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  Id.  The Commissioner does not request a reduction in

the hourly rate of $178.75 for Ms. Ratliff's fees and does not challenge either the total number of hours billed or the costs requested. (Docket 25). The court finds the rate of $178.75 per hour reasonable in light of the necessary adjustment for inflation and the training and experience of Ms. Ratliff in the practice of social security law.

A court has the discretion to reduce the amount of the award or deny an award "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C). The court also must decide whether the hours spent by Ms. Ratliff representing Mr. Schulz were "reasonably expended." See Blum v. Stenson, 465 U.S. 886, 901 (1984); 28 U.S.C. § 2412(d)(2)(A). After reviewing Ms. Ratliff's time and expense log (Docket 24-2) the court finds the hours expended by Ms. Ratliff are reasonable and in line with the complexity of this case. Mr. Schulz is entitled to a total attorney's fee award of $6,629.84. The Commissioner also did not object to an award of 6-percent state and local sales tax on the attorney's fees, as an "expense," which amounts to $397.79.

## ORDER

Based on the above analysis, it is

ORDERED that plaintiff's motion (Docket 23) is granted. Plaintiff is awarded $7,027.63 comprised of $6,629.84 in attorney's fees and $397.79 in

expenses representing 6-percent state and local sales tax on the attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).[3]

IT IS FURTHER ORDERED that this award is without prejudice to plaintiff's right to seek attorney's fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provision of the Equal Access to Justice Act; however, this award shall constitute a complete release from and bar to any and all other claims plaintiff may have relating to the Equal Access to Justice Act in connection with this case.

IT IS FURTHER ORDERED that under Astrue v. Ratliff, 560 U.S. 586, 595-98 (2010), Equal Access to Justice Act fees awarded by the court belong to the plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B) (2006).

IT IS FURTHER ORDERED that the Equal Access to Justice Act fees shall be paid to plaintiff Charles J. Schulz but delivered to plaintiff's attorney Catherine G. Ratliff, 13060 Eagle Court, Hot Springs, South Dakota 57747-7352.

Dated June 10, 2015.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                CHIEF JUDGE

---

[3]On February 4, 2013, the court authorized Mr. Schulz to proceed on an *in forma pauperis* basis.  (Docket 5).  The court further ordered that "[a]ny recovery in this action by Mr. Schulz shall be subject to the payment of costs and fees, including the $350 filing fee."  Id. at 1.